# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| TAWNYA BRIGANDI, NICHOLAS BRIGANDI<br><br>v.<br><br>AMERICAN MORTGAGE INVESTMENT PARTNERS FUND I TRUST, FCI LENDER SERVICES, INC. | §<br>§<br>§ Civil Action No. 4:16-CV-520<br>§ (Judge Mazzant/Judge Nowak)<br>§<br>§<br>§<br>§ |

**MEMORANDUM ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On May 31, 2017, the report of the Magistrate Judge (Dkt. #33) was entered containing proposed findings of fact and recommendations that Defendants American Mortgage Investment Partners Fund I Trust and FCI Lender Services, Inc.'s Motion to Dismiss (Dkt. #27) be granted. Having received the report and recommendation of the Magistrate Judge (Dkt. #33), having considered Plaintiffs' timely filed objections (Dkt. #34), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, except as to the Texas Debt Collection Act claims, the breach of contract claim, negligent misrepresentation claim, and set aside claims, and as such adopts in part the Magistrate Judge's report (Dkt. #33) as the findings and conclusions of the Court.

## RELEVANT BACKGROUND

Plaintiff Tawnya Brigandi initially filed this suit in the Denton County Probate Court. On July 14, 2016, the suit was removed to this Court (Dkt. #1).[1] On August 12, 2016, Plaintiffs filed

---

[1] As noted, the instant suit was initially filed only by Plaintiff Tawnya Brigandi; however, on May 19, 2017, the Parties agreed and stipulated that Nicholas Brigandi, the husband of Tawnya Brigandi and co-borrower on the home mortgage

an Amended Complaint (Dkt. #7). Thereafter, Defendants filed a Rule 12(b)(6) motion to dismiss, which was rendered moot by the filing of Plaintiffs' Third Amended Complaint on April 6, 2017 (Dkt. #26). Defendants' instant Motion to Dismiss was filed on April 25, 2017 (Dkt. #27). Plaintiffs' Response was filed on May 9, 2017 (Dkt. #28), and Defendants' Reply (Dkt. #30) on May 16, 2017. Notably, the ruling of the Fort Worth Court of Appeals in the parallel state proceedings (discuss *infra*) was issued on April 20, 2017. *See Brigandi v. Am. Mortg. Inv. Partners Fund I Tr.*, 2017 WL 1428726 (Tex. App.—Fort Worth Apr. 20, 2017, no pet. h.).

Plaintiffs' Third Amended Complaint alleges that in June of 2003, Plaintiffs purchased real estate at 2428 Cherry Lane, Little Elm, Texas 75068 ("Property"). To purchase the Property, Plaintiffs executed a Note payable to First National Bank along with a Deed of Trust to secure payment on the Note. The terms of the Deed of Trust provide that the Lender's rights to require immediate payment in full and/or to foreclose may be limited by Housing and Urban Development (HUD) regulations (Dkt. #26, Exhibit 2 at 4 ("This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the [HUD] Secretary.")).

Nicholas Brigandi became unemployed in November of 2012. Facing foreclosure, in December of 2013, Tawnya Brigandi filed a Petition and Application for Temporary Restraining Order in the District Court of Denton County, Texas, against Lex Special Assets, L.L.C. The Petition alleged Lex Special Assets ("Lex") was threatening to foreclose on the Property, did not hold the Note, and had wrongfully stalled or refused to consider her request for a loan modification before initiating foreclosure. *Brigandi v. Lex Special Assets, L.L.C.*, 4:14-cv-68-RAS, Dkt. #1, Exhibit 2. Tawnya Brigandi sought a determination of whether Lex was authorized to foreclose

---

loan at issue herein, should be joined as a Plaintiff (Dkt. #31). The Court granted the Parties' Joint Motion to Join Mr. Brigandi (Dkt. #32) and, as such, treats the Third Amended Complaint, and all pleadings responsive to the Motion to Dismiss, as filed by both Plaintiff Tawyna and Plaintiff Nicholas Brigandi.

on the Property. She further claimed Lex committed fraud and violated the Texas Debt Collection Act ("TDCA") by refusing to produce the loan servicing agreement evidencing its right to collect on the Note, and its ability to accept mortgage payments and modify the Note. *Brigandi v. Lex Special Assets, L.L.C.*, 4:14-cv-68-RAS, Dkt. #1, Exhibit 2. That lawsuit was removed to federal court on January 31, 2014, and it was dismissed with prejudice on June 23, 2015. *Brigandi v. Lex Special Assets*, 4:14-cv-68-RAS, Dkt. #1; Dkt. #7. Defendants refer to this lawsuit in their Motion to Dismiss as the Fourth Lawsuit.[2]

After several transfers and assignments, Defendant American Mortgage Investment Partners Trust Fund I ("AMIP") became the owner and holder of the Note and Deed of Trust, and in July 2014, Defendant FCI Lender Services ("FCI") began servicing Plaintiffs' loan on behalf of AMIP (Dkt. #26). *See also Brigandi*, 2017 WL 1428726, at *1. In July 2014, Tawnya Brigandi contacted FCI to discuss a loan modification, but FCI's representative informed her that no loan modification would be considered. Tawnya Brigandi thereafter filed for Chapter 13 bankruptcy protection in August of 2014, and FCI's scheduled foreclosure was stayed. That bankruptcy proceeding was dismissed without prejudice in October or November of 2014. Then in November 2014, FCI scheduled a foreclosure for December 2014. Tawnya Brigandi filed yet another Chapter 13 bankruptcy action in November or December 2014. The foreclosure was again stayed. The bankruptcy proceedings were dismissed in December of 2014. FCI scheduled another foreclosure sale in January of 2015. Nicholas Brigandi filed for Chapter 13 bankruptcy protection in February 2015, and the foreclosure was stayed. That bankruptcy proceeding was dismissed in

---

[2] There exists a significant prior litigation history related to the Property. Indeed, as detailed in Defendants' Motion to Dismiss, Plaintiffs (together or separately) have filed at least six civil litigation matters and six bankruptcy matters related to the Property (*see* Dkt. #27 at 3-6 (detailing prior filings and lawsuits)). Given the lengthy nature of such history, the Court does not detail it fully herein, and instead discusses only those prior matters relevant to its disposition of the Motion to Dismiss.

September 2015. In October 2015, FCI scheduled another foreclosure sale for November 2015. Nicholas Brigandi again filed for bankruptcy protection, listing Defendant FCI as a lender. The foreclosure was not stayed.

Plaintiffs subsequently tried to submit a payment to Defendant FCI, but FCI returned the payment with a letter stating that it was initiating foreclosure. In December 2015, Plaintiffs received a letter stating FCI was going to foreclose in February 2016. On February 19, 2016, FCI sent a Notice of Acceleration to Plaintiffs. Tawnya Brigandi filed a lawsuit in the Denton County Probate Court and obtained a temporary restraining order, which halted the February 2016 foreclosure sale. FCI agreed thereafter to review a loan modification request. Plaintiffs submitted a loan modification application to FCI on March 15, 2016, but FCI denied the application within three days, refusing to evaluate Plaintiffs for a loan modification because the request was submitted within thirty-seven days of a scheduled foreclosure sale.

On April 5, 2016, Plaintiffs' Property was sold to AMIP at a foreclosure sale. At the time of the sale, Plaintiffs owed over $57,000 in past-due monthly principal and interest payments. AMIP paid $167,500 at the sale. *Brigandi*, 2017 WL 1428726, at *1 n.2.

"Because the Brigandis did not immediately surrender possession of the property after the sale, they became tenants at sufferance under the terms of the deed of trust." *Id.* at *1. On April 14, 2016, AMIP served Plaintiffs with a notice to vacate and demand for possession, but Plaintiffs failed to vacate the property. *Id.* AMIP filed an eviction petition on May 2, 2016. *Id.* On June 15, 2016, the Denton County justice court signed a judgment of eviction, awarding AMIP possession of the property, stating AMIP was "entitled to such writs and abstracts as are necessary to effect execution of this judgment," and setting an appellate bond at $1,500. *Id.*

Tawnya Brigandi appealed the justice court's ruling to the county court. But on October 18, 2016, without providing the required notice, the county court dismissed the appeal for failure to pay the appellate filing fee. *Id.* at *2. On October 31, 2016, Tawnya Brigandi moved the county court to stay or vacate the writ of possession based on the county court's failure to notify her of the past-due filing fee. *Id.* She also moved for a writ of mandamus. Tawnya Brigandi's request was denied, but the state appellate court did stay any attempts to execute the writ of possession pending appellate review. *Id.* Tawnya Brigandi appealed the county court's dismissal on November 17, 2016. The county court set a supersedeas bond to be paid by December 30, 2016. Tawnya Brigandi filed a second writ of mandamus, claiming setting a bond violated the prior appeals court order. That writ was denied. *Id.*

AMIP filed a motion on January 17, 2017, requesting the state appellate court to execute on the writ of possession based on the failure to post the supersedeas bond. The motion was granted. The state appellate court held AMIP was "no longer prohibited from executing the writ of possession issued on October 19, 2016," by the justice court. *Id.* at *3. Tawnya Brigandi's subsequent motions to reconsider and to review the county court's supersedeas bond were denied. *Id.* "[I]f a supersedeas bond in the amount set by the county court is not filed, the judgment in a forcible-detainer action may be enforced and a writ of possession may be executed, evicting the defendant from the property." *Id.* Plaintiffs were ultimately evicted on March 2, 2017 (Dkt. #26 at 5).

Notably, the eviction mooted the appeal before the state appellate court; that court held that "[b]ecause Brigandi is no longer in possession of the property and because she does not assert a potentially meritorious claim raising her right to current, actual possession of the property, the

5

issue of possession—the sole issue in a forcible-detainer appeal—is rendered moot." *Brigandi*, 2017 WL 1428726, at *4.

In this parallel federal action related to the Property, Plaintiffs assert claims for wrongful eviction, Texas Debt Collection Act ("TDCA") violations, breach of contract, unjust enrichment, negligent representation, and suit to set aside foreclosure (Dkt. #26). By and through these claims, Plaintiffs seek specific performance to enforce HUD regulations requiring a face-to-face meeting with Defendants and consideration of all loss mitigation options, and to set aside the foreclosure and cancel the Trustee's deed, as well as an award of monetary damages. Defendants filed the instant Motion to Dismiss (Dkt. #27) on April 25, 2017, and Plaintiffs filed their Response on May 9, 2017 (Dkt. #28). Defendants filed their Reply on May 16, 2017 (Dkt. #30). The Magistrate Judge entered a report and recommendation on May 31, 2017, recommending that Defendants' Motion to Dismiss (Dkt. #33) be granted. Plaintiffs timely filed objections to the Magistrate Judge's report and recommendation on June 14, 2017 (Dkt. #34). Thereafter the Parties filed an Agreed Motion to Abate Proceedings (Dkt. #36), seeking abatement of existing trial deadlines pending the Court's disposition of Plaintiffs' objections.

**OBJECTIONS**

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). At the outset, the Court notes the Magistrate Judge finds in the report and recommendation that each of Plaintiffs' claims, for wrongful eviction, violation of the TDCA, breach of contract, unjust enrichment, negligent misrepresentation, and to set aside foreclosure, should be dismissed (Dkt. #33). The Magistrate Judge rejected Defendants' argument that res judicata and/or collateral estoppel should

apply. Neither Party objects to the Magistrate Judge's findings regarding res judicata/collateral estoppel or unjust enrichment. As such, the Court adopts these findings and proceeds to evaluate the remaining claims and findings.

***Objection 1:   Wrongful Eviction Findings***

Plaintiffs object that the Magistrate Judge erroneously determined Defendant AMIP acted lawfully in executing the writ of possession on March 2, 2017, when the writ issued on October 19, 2016. Plaintiffs contend the writ of possession was stale when executed. Accordingly, Plaintiffs assert the Magistrate Judge erred in finding dismissal of their wrongful foreclosure claim appropriate (Dkt. #34 at 3-4). Plaintiffs also argue they did not "lose" in state court such that the *Rooker-Feldman* doctrine cannot bar their claims, as the Magistrate Judge found (Dkt. #34 at 4).

Plaintiffs' contentions concerning the "stale" writ of possession evidences their misreading of the Magistrate Judge's *Rooker-Feldman* finding. Plaintiffs argue that, because Texas Rule of Civil Procedure 510.8 proscribes execution of a writ of possession "after the 90th day after a judgment for possession is signed[,]" the fact that Defendant AMIP executed the writ of possession in the underlying case "134 days after [it] was issued" warrants a finding the writ was "stale" and unenforceable as a matter of law (Dkt. #34 at 3-4). Plaintiffs cite the Texas Rule without confronting the context in which the writ issued (and which the Magistrate Judge discusses as the basis for the recommendation):

> Contrary to Plaintiffs' conclusory allegation, [Dkt. 26 at 6], the county court's eviction order was not "stale" when it was executed: *the eviction itself occurred less than two months after the state appellate court lifted its stay and granted AIMP* [sic] *leave to pursue that remedy*. Plaintiff cites no authority that such a short lapse in time supports a claim the order is stale. Moreover, Plaintiffs' allegations fail to factually describe or explain how the Texas forcible detainer proceedings and subsequent eviction were unlawful.

7

(Dkt. #33 at 9) (emphasis added). Review of the underlying state appellate litigation reveals that Plaintiff Tawnya Brigandi's October 31, 2016 appeal is the very force that initiated the stay on the writ of execution. *See Brigandi v. Am. Mortg. Inv. Partners Fund I Tr.*, No. 02-16-0044-cv, 2017 WL 1428726, at *2-3 (Tex. App.—Fort Worth Apr. 20, 2017). The stay on the writ of execution remained until at least January 17, 2017, when the appellate court lifted it at Defendant AMIP's request. *Id.* at *3. Defendant AMIP then executed the writ on March 2, 2017—forty-four days later and well within the ninety-day time limit for such action. Plaintiffs do not address the propriety of the stay in their objections, or its effect on the applicability of Texas Rule of Civil Procedure 510.8. Accordingly, Plaintiffs do not object to the Magistrate Judge's specific finding, but rather argue around it. The Court overrules this objection.

Further, even if Plaintiffs had directly addressed the Magistrate Judge's finding, preclusive doctrines would bar their argument. Plaintiffs assert in objection that "the [state appellate court] simply dismissed [Plaintiffs'] appeal and vacated all of the underlying courts' judgments" such that Plaintiffs "did not lose on any claims" (Dkt. #34 at 4). But Plaintiffs ignore that the state appellate court expressly determined it should stay execution of the writ of possession, and did not lift the stay until January 2017. *See Brigandi*, 2017 WL 1428726, at *2-3. This determination forms the basis of the Magistrate Judge's recommendation that the Court find Plaintiffs' claim barred by the *Rooker-Feldman* doctrine (*see* Dkt. #33 at 10 (finding *Rooker-Feldman* bars Plaintiffs' claim for wrongful eviction as pleaded because granting relief would require review and reversal of the state court's decision to stay execution of the writ of possession)). Indeed, Plaintiffs' wrongful eviction claim—that "the writ of possession was stale and could not be executed"—relies on this Court's finding that the state appellate court could not effect a stay of the writ of possession (*see* Dkt. #26 at 5-6). Plaintiffs may not challenge the state court's decision

8

to stay execution of the writ of possession in this Court. *See, e.g.*, *Weaver v. Tex. Capital Bank N.A.*, 660 F.3d 900, 904-08 (5th Cir. 2011) (determining that, even where the narrow *Rooker-Feldman* doctrine did not apply, res judicata barred the claimant's federal court challenge to a state court judgment). Without such challenge, Plaintiffs' wrongful eviction claim falls flat. And, in any event, Plaintiffs do not contend with other Texas cases proceeding in the same manner—permitting stay of a writ of execution pending resolution of appeal—or explain why they did not (or show that they did) challenge the stay before the state appellate court. *See, e.g.*, *McCartney v. Cal. Mortg. Serv.*, 951 S.W.2d 549 (Tex. App.—El Paso 1997, no pet.) (installing then withdrawing stay of writ of possession). The Court overrules this objection.

*Objection 2: TDCA Findings*

Plaintiffs also object to the Magistrate Judge's TDCA findings. The Court sustains Plaintiffs' objections.

*Objection 3: Breach of Contract Findings*

Plaintiffs object that the Magistrate Judge erroneously determined Plaintiffs' breach of contract claims should be dismissed. Plaintiffs contend that the Magistrate Judge *sua sponte* found find that Plaintiffs failed to state a claim. Plaintiffs further assert the Magistrate Judge errs, in any event, in reaching this conclusion. The Court agrees that the Magistrate Judge went beyond the arguments raised by Defendants, and the Court sustains Plaintiffs' objections.

*Objection 4: Negligent Misrepresentation Findings*

Plaintiffs also object that the Magistrate Judge erred in finding Plaintiffs fail to state a negligent misrepresentation claim because the economic loss rule bars Plaintiffs' damages as pleaded. The Court sustains Plaintiffs' objections.

*Objection 5: Set Aside Claim Findings*

Plaintiffs object that the Magistrate Judge erroneously construed their suit to set aside foreclosure claim as either a claim for wrongful foreclosure and/or an action in trespass to try title (Dkt. #34 at 10). The Court sustains Plaintiffs' objection.

## CONCLUSION

Having considered each of Plaintiffs' timely filed objections (Dkt. #34), and having conducted a de novo review, the Court adopts the Magistrate Judge's report (Dkt. #33) as the findings and conclusions as to the wrongful eviction findings and the Court SUSTAINS Plaintiffs' objections and rejects the Magistrate Judge's report as to the following: the Texas Debt Collection Act claims, the breach of contract claim, negligent misrepresentation claim, and set aside claims.

Accordingly, it is **ORDERED** that Defendants' Motion to Dismiss (Dkt. #27) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs' wrongful eviction claim is hereby **DISMISSED**.

It is further **ORDERED** that the Parties' Agreed Motion to Abate Proceedings (Dkt. #36) is **DENIED**.

**IT IS SO ORDERED**.
SIGNED this 2nd day of August, 2017.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE